# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK FITZ, et al., *Plaintiffs-Appellants*, v. ELLEN ROSENBLUM, in her official capacity as Attorney General of the State of Oregon, et al., *Defendants-Appellees*. | No. 23-35478 |
| DANIEL AZZOPARDI, et al., *Plaintiffs-Appellants*, v. ELLEN ROSENBLUM, in her official capacity as Attorney General of the State of Oregon, et al., *Defendants-Appellees*. | No. 23-35479 |
| KATERINA B. EYRE, et al., *Plaintiffs-Appellants*, v. ELLEN ROSENBLUM, in her official capacity as Attorney General of the State of Oregon, et al., *Defendants-Appellees*, | No. 23-35539 |

|  |  |
|---|---|
| and | ) |
| OREGON ALLIANCE FOR GUN SAFETY, | ) |
| *Intervenor-Defendant-Appellee.* | ) |
| OREGON FIREARMS FEDERATION, INC., et al. | ) |
| *Plaintiffs-Appellants,* | ) |
| v. | ) No. 23-35540 |
| KATE BROWN, Governor of the State of Oregon, et al., | ) |
| *Defendants-Appellees,* | ) |
| and | ) |
| OREGON ALLIANCE FOR GUN SAFETY, | ) |
| *Intervenor-Defendant-Appellee.* | ) |

**OPPOSITION TO MOTION TO HOLD APPEAL IN ABEYANCE**

Plaintiffs of course join with the State in preferring not to "expend litigant and judicial resources needlessly." Motion to Hold Appeal in Abeyance and to Suspend the Briefing Schedule ("Mot.") at 8. Plaintiffs likewise agree that, if it reaches the merits, "[t]he *Duncan* en banc panel will resolve or, at a minimum, greatly inform" the resolution of Plaintiffs' challenges to Oregon's prohibition on ammunition

2

magazines capable of holding more than ten rounds. Mot. 7. But the State's motion to hold these consolidated appeals in abeyance overlooks two critical considerations.

First, it is by no means certain that the *Duncan* en banc panel will reach the merits. A majority of the judges who voted to retake that case en banc are statutorily ineligible to vote on whether to take a case en banc in the first instance. *See* 28 U.S.C. § 46(c). It is unclear that voting to *re*take a case en banc is different. For that reason, the *Duncan* en banc panel has "asked the parties to brief the[] issue[]," which it noted was a "novel question[]." *Duncan v. Bonta*, 83 F.4th 803, 807 (9th Cir. 2023). If the *Duncan* en banc panel determines that it is not properly constituted, then these consolidated appeals, all four of which are lower-numbered than *Duncan*, will be controlling on *Duncan* vis-à-vis the magazines ban, not the other way around.

Second, *Duncan* will have no effect on the permit-to-purchase issue in these cases. Under Oregon Ballot Measure 114, an applicant who wishes to obtain a firearm must first obtain a permit—not just to carry a firearm, but to purchase one. Plaintiffs have brought a Due Process Clause challenge to Ballot Measure 114's permit regime in addition to a Second Amendment challenge. Nothing in *Duncan* will have any effect on the resolution of the former challenge, and *Duncan* will likely have only marginal impact on the latter. Indeed, one of the four consolidated appeals here, *Azzopardi v. Rosenblum*, No. 23-35479, challenges *only* the permitting

3

requirement. There is absolutely no basis to stay that case while a wholly different issue gets litigated in *Duncan*.

While the State notes that "a state trial court has enjoined the law in its entirety in separate state proceedings," Mot. at 9, it neglects to mention that the state-court injunction is about to expire. The judge in the state-court case announced at the close of evidence that he "will issue an opinion letter no later than November 22, 2023." Jerry Howard, *Judge says "The record is now closed" in Oregon gun control Measure 114 trial*, KRDV12 (Oct. 7, 2023), https://bit.ly/3MFupBK.

At the very least, this Court should hold the State's Motion until after that date, so the parties and the Court can properly assess what prejudice Plaintiffs would face if this Court were to grant the State's Motion.

|  | Respectfully submitted, |
|---|---|
| STEPHEN J. JONCUS<br>JONCUS LAW, PC<br>13203 SE 172nd Avenue<br>Suite 166 No. 344<br>Happy Valley, OR 97086<br><br>LEONARD WILLIAMSON<br>VAN NESS WILLIAMSON, LLP<br>960 Liberty Street SE<br>Suite 100<br>Salem, OR 97302<br><br>*Counsel for Oregon Firearms Federation Plaintiffs-Appellants* | s/Erin E. Murphy<br>PAUL D. CLEMENT<br>ERIN E. MURPHY<br> *Counsel of Record*<br>MATTHEW D. ROWEN*<br>CLEMENT & MURPHY, PLLC<br>706 Duke Steet<br>Alexandria, VA 22314<br>(202) 742-8900<br>paul.clement@clementmurphy.com<br><br>*Supervised by principals of the firm who are members of the Virginia bar<br><br>*Counsel for Eyre Plaintiffs-Appellants* |
| JAMES L. BUCHAL<br>MURPHY & BUCHAL, LLP<br>P.O. Box 86620<br>Portland, OR 97286 | ADAM KRAUT<br>SECOND AMENDMENT<br> FOUNDATION<br>12500 NE Tenth Place<br>Bellevue, WA 98005 |

*Counsel for Fitz and Azzopardi Plaintiffs-Appellants*

November 20, 2023

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 476 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

November 20, 2023

s/Erin E. Murphy<br>
Erin E. Murphy

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Erin E. Murphy
Erin E. Murphy
